127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Juan Carlos CASTRO-JARAMILLO, Defendant-Appellant.
 No. 96-50107.
United States Court of Appeals, Ninth Circuit.
 Submitted** Oct. 7, 1997.
Decided Oct. 16, 1997.
 
 Appeal from the United States District Court for the Central District of California Manuel L. Real, District Judge.
 Before O'SCANNLAIN, FERNANDEZ and THOMAS, C.J.'s.
 MEMORANDUM*
 Juan Carlos Castro-Jaramillo appeals his conviction and sentence for conspiracy to transport illegal aliens. See 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(1)(A)(ii). Specifically, Castro-Jaramillo alleges that the district court erred when it denied his peremptory strike on the ground that it was racially motivated. We reverse and remand.
 In Batson v. Kentucky, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986), the Supreme Court held that the state's privilege to strike a prospective juror through use of a peremptory challenge is limited by the Constitution. In Georgia v. McCollum, 505 U.S. 42, 59, 112 S.Ct. 2348, 2359, 120 L.Ed.2d 33 (1992), the Supreme Court extended that doctrine to apply to criminal defendants who strike prospective jurors.
 Batson anticipates a three-step process for determining whether a peremptory challenge is made on the basis of race. See Purkett v. Elem, 514 U.S. 765, 767, 115 S.Ct. 1769, 1770-71, 131 L.Ed.2d 834 (1995). First, the opponent of the strike must establish a prima facie case of racial discrimination. See id. at 767, 115 S.Ct. at 1770. Next, the prosecutor, or defense counsel, must come forward with a race-neutral explanation of the challenge. See id. Finally, if a race-neutral explanation is made, the judge must decide whether the opponent of the strike has proved purposeful racial discrimination. See id. at 767, 115 S.Ct. at 1771.
 Under step two, Mr. Willing, Castro-Jaramillo's counsel, was required to come forward with a race-neutral explanation for his strike. See id. at 767, 115 S.Ct. at 1770. This second step "does not demand an explanation that is persuasive, or even plausible." Id. at 768, 115 S.Ct. at 1771. Mr. Willing's reasons for excluding juror Altavilla, i.e., that his cousin was a police officer and that his job as a corporate controller made it likely that he was a stringent rule follower, clearly satisfied this inquiry.
 In violation of the Supreme Court's direction in Purkett, the district court sustained the prosecution's motion on a finding that Castro-Jaramillo's counsel's reasons for exercising a preemptory did not state a "constitutional basis." Purkett makes it clear that at step two an attorney need only articulate a reason for the strike that is race-neutral--plausibility should not be assessed. See id. Plausibility or genuineness of the reason belongs to the third step, which the district court never took.
 Additionally, the district court erred by not even articulating reasons for its finding that counsel's explanation was not constitutional. In United States v. Annigoni, 96 F.3d 1132, 1136 (9th Cir.1996) (en banc), this court held that it was clear error for a judge to sustain a motion under Batson on the sole finding that the prospective juror was Asian. In this case, the district court simply sustained the Government's motion without giving any specific reason whatsoever.
 The erroneous denial of a peremptory challenge requires reversal of the conviction. See id., 96 F.3d at 1147. Thus, we reverse and remand for a new trial.
 REVERSED and REMANDED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3